UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03654-KLM

HLS TRUCKING INC, a Colorado corporation,

     Plaintiff/Counterclaim Defendant,

v.

HOOPER CORPORATION, a Wisconsin corporation,

     Defendant/Counterclaim Plaintiff

---

### PLAINTIFF HLS TRUCKING INC'S ANSWER TO COUNTERCLAIMS

---

Plaintiff/Counterclaim Defendant HLS Trucking Inc ("HLS"), by and through its undersigned attorney, submits its Answer and Affirmative Defenses to Defendant/Counterclaim Plaintiff's Counterclaims:

### PARTIES AND VENUE

1. HLS admits the allegations contained in Paragraph 1 of Defendant's Counterclaim.

2. HLS admits the allegations contained in Paragraph 2 of Defendant's Counterclaim.

3. HLS admits the allegations contained in Paragraph 3 of Defendant's Counterclaim.

4. HLS admits the allegations contained in Paragraph 4 of Defendant's Counterclaim.

5. In response to Paragraph 5 of Defendant's Counterclaim, HLS does not consent to jurisdiction of this Court under 28 U.S.C. § 1332 because Defendant/Counterclaim Plaintiff has joined a third-party defendant that is a citizen of the State of Colorado (Countercl. ¶5) and as a result violates the complete-diversity requirement of Section 1332 in a state law case.  HLS reserves its rights to object to the joinder of the third-party defendant as the claims of Hooper Corporation against their

former executive are not relevant to any claims brought by HLS, and are not relevant to the counterclaims as plead by Hooper against HLS, but for baseless and unsupported allegations of kickbacks paid by HLS to Edward J. Chmiel ("**Hooper's Executive**") and as such should be severed from this action.

<u>**GENERAL ALLEGATIONS**</u>

6. HLS admits the allegations contained in Paragraph 6 of Defendant's Counterclaim.

7. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 7 of Defendant's Counterclaim, and, on that basis, denies the allegations.

8. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 8 of Defendant's Counterclaim, and, on that basis, denies the allegations.

9. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 9 of Defendant's Counterclaim, and, on that basis, denies the allegations.

10. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 10 of Defendant's Counterclaim, and, on that basis, denies the allegations.

11. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 11 of Defendant's Counterclaim, and, on that basis, denies the allegations.

12. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 12 of Defendant's Counterclaim, and, on that basis, denies the allegations.

13. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 13 of Defendant's Counterclaim, and, on that basis, denies the allegations.

14. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 14 of Defendant's Counterclaim, and, on that basis, denies the allegations.

15. HLS admits the allegations contained in Paragraph 15 of Defendant's Counterclaim.

16. HLS admits the allegations contained in Paragraph 16 of Defendant's Counterclaim except that HLS did not take any directions from Hooper's Executive.

**The Overbilling Scheme**

17. HLS denies the allegations contained in Paragraph 17 of Defendant's Counterclaim and responds that Defendant/Counterclaimant ("Hooper") allegations of fraud against HLS are unsubstantiated and not reasonably based on "information and belief."

18. HLS denies the allegations in Paragraph 18 of Defendant's Counterclaim and allegations of kickbacks or other fraudulent consideration paid to Hooper's Executive by HLS are not reasonably based on "information and belief."

19. HLS denies the allegations contained in Paragraph 19 of Defendant's Counterclaim and responds that the $2,050.00 was an appropriate charge, is nominal compared to approximately $5.7 million in billings by HLS (Countercl. ¶23) and is not an indicia of fraud.

20. HLS denies the allegations contained in Paragraph 19 of Defendant's Counterclaim and responds that the invoices totaling approximately $30,000.00 for 15 different work orders were all for work that was completed by HLS at the direction of Hooper, that Hooper directed HLS to bill the work to a specific project and the amount is nominal compared to approximately $5.7 million in billings by HLS and is not an indicia of fraud.

21. HLS denies the allegations contained in Paragraph 21 of Defendant's Counterclaim and responds that the $810.00 was an appropriate charge, is nominal compared to approximately $5.7 million in billings by HLS and is not an indicia of fraud.

22. HLS denies the allegations contained in Paragraph 22 of Defendant's Counterclaim and responds that the $1,620.00 was an appropriate charge, is nominal compared to approximately $5.7 million in billings by HLS and is not an indicia of fraud.

23. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 23 of Defendant's Counterclaim, and, on that basis, denies the allegations that HLS overbilled Hooper and responds that allegations that HLS hauling charges are fraudulent are not reasonably based on "information and belief."

24. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 24 of Defendant's Counterclaim, and, on that basis, denies the allegations and responds that HLS did not pay Hooper's Executive kickbacks or other fraudulent consideration and that such allegations against HLS are unsubstantiated and not reasonably based on "information and belief."

**The Home Improvement Scheme**

25. With regard to Paragraph 25 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

26. With regard to Paragraph 26 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

27. With regard to Paragraph 27 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

28. With regard to Paragraph 28 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

29. With regard to Paragraph 29 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

30. With regard to Paragraph 30 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

31. With regard to Paragraph 31 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

32. With regard to Paragraph 32 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

33. With regard to Paragraph 33 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

34. With regard to Paragraph 34 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

35. With regard to Paragraph 35 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

**Unauthorized Use of Field Checks**

36. With regard to Paragraph 36 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

## FIRST CLAIM FOR RELIEF

### Civil Theft (Chmiel and HLS)

37. In response to Paragraph 37 of Defendant's Counterclaim, HLS incorporates its responses above by reference.

38.  HLS denies the allegations contained in Paragraph 38 of Defendant's Counterclaim and responds that HLS did not pay Hooper's Executive kickbacks or other fraudulent consideration and that such allegations against HLS are unsubstantiated and not reasonably based on "information and belief."

39. With regard to Paragraph 39 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

40. HLS denies the allegations contained in Paragraph 40 of Defendant's Counterclaim.

**SECOND CLAIM FOR RELIEF**

**Fraud (Chmiel and HLS)**

41. In response to Paragraph 41 of Defendant's Counterclaim, HLS incorporates its responses above by reference.

42. HLS denies the allegations contained in Paragraph 42 of Defendant's Counterclaim.

43. HLS denies the allegations directed at HLS that are contained in Paragraph 43 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 43 of Defendant's Counterclaim, and, on that basis, denies the allegations.

44. HLS denies the allegations directed at HLS that are contained in Paragraph 44 of Defendant's Counterclaim and responds that HLS did not make any false representations to Hooper, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 44 of Defendant's Counterclaim, and, on that basis, denies the allegations.

45. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 45 of Defendant's Counterclaim, and, on that basis, denies the allegations, and responds that HLS did not make any false representations to Hooper.

46. HLS is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 46 of Defendant's Counterclaim, and, on that basis, denies the allegations, and responds that HLS did not make any false representations to Hooper.

47. HLS is without sufficient knowledge and information to admit or deny the

allegations contained in Paragraph 47 of Defendant's Counterclaim, and, on that basis, denies the allegations.

48. With regard to Paragraph 48 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

49. With regard to Paragraph 49 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

50. With regard to Paragraph 50 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

51. With regard to Paragraph 51 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

52. With regard to Paragraph 52 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

### THIRD CLAIM FOR RELIEF

**Conversion (Chmiel and HLS)**

53. In response to Paragraph 53 of Defendant's Counterclaim, HLS incorporates its responses above by reference.

54. HLS denies the allegations directed at HLS that are contained in Paragraph 54 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 54 of Defendant's Counterclaim, and, on that basis, denies the allegations.

55. HLS denies the allegations directed at HLS that are contained in Paragraph 55 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny

the remaining allegations contained in Paragraph 55 of Defendant's Counterclaim, and, on that basis, denies the allegations.

56. HLS denies the allegations directed at HLS that are contained in Paragraph 56 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny the the remaining allegations contained in Paragraph 56 of Defendant's Counterclaim, and, on that basis, denies the allegations.

57. HLS denies the allegations directed at HLS that are contained in Paragraph 57 of Defendant's Counterclaim and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 57 of Defendant's Counterclaim, and, on that basis, denies the allegations.

58.  With regard to Paragraph 58 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

59. With regard to Paragraph 59 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

60. With regard to Paragraph 60 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

61. With regard to Paragraph 61 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

## FOURTH CLAIM FOR RELIEF

### Civil Conspiracy (Chmiel and HLS)

62. In response to Paragraph 62 of Defendant's Counterclaim, HLS incorporates its responses above by reference.

63. HLS denies the allegations directed at HLS that are contained in Paragraph 63 of Defendant's Counterclaim and responds that HLS invoiced for services rendered in the proper amount, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 63 of Defendant's Counterclaim, and, on that basis, denies the allegations.

64. HLS denies the allegations directed at HLS that are contained in Paragraph 64 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 64 of Defendant's Counterclaim, and, on that basis, denies the allegations.

65. HLS denies the allegations directed at HLS that are contained in Paragraph 65 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 65 of Defendant's Counterclaim, and, on that basis, denies the allegations.

66. With regard to Paragraph 66 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

67. With regard to Paragraph 67 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

68. HLS denies the allegations directed at HLS that are contained in Paragraph 68 of Defendant's Counterclaim and responds that Hooper has sustained no damages or losses due to HLS, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 68 of Defendant's Counterclaim, and, on that basis, denies the allegations.

## **FIFTH CLAIM FOR RELIEF**

### **Unjust Enrichment (Chmiel and HLS)**

69. In response to Paragraph 69 of Defendant's Counterclaim, HLS incorporates its responses above by reference.

70. HLS denies the allegations directed at HLS that are contained in Paragraph 70 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 70 of Defendant's Counterclaim, and, on that basis, denies the allegations.

71. In response to Paragraph 71 of Defendant's Counterclaim, HLS states that the allegation calls for a legal conclusion and, therefore, requires no answer.

72. With regard to Paragraph 72 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

73. In response to Paragraph 73 of Defendant's Counterclaim, HLS states that the allegation calls for a legal conclusion and, therefore, requires no answer.

74. With regard to Paragraph 74 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

75. With regard to Paragraph 75 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

## SIXTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty (Chmiel)

76. In response to Paragraph 76 of Defendant's Counterclaim, HLS incorporates its responses above by reference.

77. With regard to Paragraph 77 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

78. With regard to Paragraph 78 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

79. With regard to Paragraph 79 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

80. With regard to Paragraph 80 of Defendant's Counterclaim, the allegations are not directed at HLS and no response is required.

## SEVENTH CLAIM FOR RELIEF

### Aiding and Abetting Breach of Fiduciary Duty (HLS)

81. In response to Paragraph 81 of Defendant's Counterclaim, HLS incorporates its responses above by reference.

82. HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 82 of Defendant's Counterclaim, and, on that basis, denies the allegations.

83. In response to Paragraph 83 of Defendant's Counterclaim, HLS states that the allegation calls for a legal conclusion and, therefore, requires no answer.

84. HLS denies the allegations directed at HLS that are contained in Paragraph 84 of Defendant's Counterclaim, and HLS is without sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 84 of Defendant's Counterclaim, and, on that basis, denies the allegations.

85. HLS denies the allegations contained in Paragraph 85 of Defendant's Counterclaim.

86. HLS denies the allegations contained in Paragraph 86 of Defendant's Counterclaim.

### ADDITIONAL ANSWER

HLS denies all allegations not specifically admitted herein.

**PRAYER FOR RELIEF**

HLS denies that Hooper is entitled to any relief set forth in its Prayer for Relief

and WHEREFORE statement including subparts a-e.

**AFFIRMATIVE DEFENSES**

1. Counterclaim Plaintiff's Complaint fails in whole or in part because it fails to state a claim upon which relief may be granted against Counterclaim Defendant.

2. Counterclaim Plaintiff has not suffered any damages caused by Counterclaim Defendant; Counterclaim Plaintiff's pleadings do not state that Customer A did not pay Counterclaim Plaintiff's invoices related to Counterclaim Defendant's work.

3. Counterclaim Plaintiff's injuries and damages, if any, have resulted from their own acts and failure to have adequate controls over its business, or the acts of one or more persons over whom Counterclaim Defendant had no control or right to control.

4. Counterclaim Plaintiff failed to reasonably mitigate its alleged damages through customary audit and business practices and other reasonable safeguards.

5. Counterclaim Plaintiff's claims of damages against Counterclaim Defendant, if any, are not to the nature and extent alleged.

6. Counterclaim Defendant asserts that an offset is warranted for some or all of the damages alleged by Counterclaim Plaintiff.

7. Defendants reserve the right to amend or add such other affirmative defenses as may become known through discovery or are supported by the evidence.


HLS demands a trial by jury.

Dated:  January 11, 2021.                         Respectfully submitted,

                                                  _s/William H. Zimmerling_
                                                  William H. Zimmerling, #42018
                                                  3200 Cherry Creek South Drive, Suite 650
                                                  Denver, CO 80209
                                                  Phone:          (303) 350-1060
                                                  Facsimile       (303) 484-6195
                                                  E-mail:  whz@whz-law.com
                                                  *Attorney for Plaintiff HLS Trucking Inc*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on January 11, 2021, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

**All counsel of record**

*s/ Peggy Quines*