UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03654-CMA-KLM

HLS TRUCKING INC, a Colorado corporation,

        Plaintiff/Counterclaim Defendant,

v.

HOOPER CORPORATION, a Wisconsin corporation,

        Defendant/Counterclaim Plaintiff/Third-Party
        Plaintiff,

v.

EDWARD J. CHMIEL, an individual,

        Third-Party Defendant.

---

## HOOPER CORPORATION'S FIRST MOTION FOR LEAVE TO AMEND COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

---

Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Hooper Corporation ("Hooper") hereby files its First Motion for Leave to Amend Counterclaims and Third-Party Complaint. For reasons stated below, Hooper respectfully submits that the instant Motion should be granted by the Court.

## INTRODUCTION

Based on newly discovered bank records evidence, Hooper moves for leave to amend its Counterclaims and Third-Party Complaint to add or modify allegations against existing parties Edward Chmiel ("Chmiel") and HLS Trucking, Inc. ("HLS") and to add new third-party defendants Sabino Loera ("Loera"), Henry Lozano, Enrique Lozano, Fidencio Lozano, Lozano's

Flatwork Construction, Inc. and Lozano Construction, LLC.  Importantly, the facts supporting the new allegations and parties arise out of the same series of transactions and occurrences that Hooper alleges in its original responsive pleading.  In both is original and amended pleadings, Hooper alleges that Chmiel, HLS, and Loera[1] engaged in a scheme to defraud Hooper whereby HLS overbilled Hooper for bogus hauling charges causing Hooper to pay millions in fraudulent proceeds to HLS.  In the amended pleading, Hooper alleges that Chmiel, HLS, Loera, Henry Lozano, Enrique Lozano, Fidencio Lozano, Lozano's Flatwork Construction, Inc. and Lozano Construction, LLC engaged in money-laundering conduct to launder the fraudulent proceeds from the HLS overbilling scheme in order to pay kickbacks to Chmiel and Loera.  The amended pleading alleges that each of the new third-party defendants participated in the money laundering conduct and was unjustly enriched thereby.  The money-laundering component of the scheme against Hooper was only recently discovered in mid-to-late July 2021, and is based on the newly discovered bank records evidence.

It is important to note that Hooper did not initiate this action.  HLS initiated this action in November 2020 by filing a breach of contract claim against Hooper for unpaid invoices for approximately $108,000 in bogus hauling charges.  Because Hooper's counterclaims and third-party claims arose out of the same fact pattern, it was required to bring its claims against HLS and Chmiel when it responded to HLS' complaint despite having not completed its investigation. Indeed, the true extent of the fraud against Hooper, and specifically the identity of all the participants, was not known to Hooper at that time.  As indicated above, Hooper did not have a

---

[1] Sabino Loera was referred to as "Employee A" in the original responsive pleading.

4817-8428-4405.1

basis to move for leave to amend until mid-to-late July 2021.  Accordingly, for these reasons and for reasons stated below, good cause exists to amend the scheduling order and justice requires that the proposed amendment pleading be permitted by the Court.

## CONFERRAL PURSUANT TO LOCAL RULE 7.1A

Pursuant to Local Rule 7.1A, undersigned counsel conferred with counsel for Chmiel and HLS via e-mail on August 9, 2021.  Counsel for Chmiel stated that, "Mr. Chmiel continues to oppose Hooper's motion to amend the scheduling order.  Should the Court grant Hooper's motion to amend the scheduling order, Mr. Chmiel does not oppose the motion for leave to amend." Counsel for HLS indicated that HLS does not oppose the instant motion.

## RELEVANT PROCEDURAL HISTORY

On November 25, 2020, HLS filed a complaint in Adams County District Court against Hooper for breach of contract related to $108,208 in unpaid invoices for purported trucking services.  Dkt. # 5.  On December 14, 2020, Hooper filed a notice of removal in U.S. District Court for the District of Colorado removing the case to federal court based upon diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. # 1.  Thereafter, Hooper timely responded to the complaint by filing its Answer to Complaint, Affirmative Defenses, Counterclaims, and Third-Party Complaint.  Dkt. # 12.  Because Hooper's claims against HLS for civil theft, fraud, conversion, civil conspiracy, unjust enrichment, and aiding and abetting breach of fiduciary duty constituted compulsory counterclaims with respect to the breach of contract claim, Hooper properly pled them in its responsive pleading.  Rule 13(a), Fed. R. Civ. P.  In addition, because Chmiel acted in concert with HLS, Hooper properly filed a Third-Party Complaint against him for civil theft, fraud,

3

conversion, civil conspiracy, unjust enrichment, and breach of fiduciary duty at the time of its responsive pleading.  Rule 14(a)(1), Fed. R. Civ. P.

On March 9, 2021, the Court held the scheduling conference and issued the Scheduling Order.  Dkt. # 40, 41.  The Scheduling Order provided for a Deadline for Joinder of Parties and Amendment of Pleadings by July 9, 2021.

Beginning on March 4, 2021, Hooper commenced discovery by issuing subpoenas for bank records related to its counterclaims and third-party claims.  Based on the early bank productions, Hooper was required to issue additional subpoenas to trace the money flow related to its claims. All told to date, Hooper has issued three subpoenas related to 10 different individuals and entities and has received records for 14 bank accounts totaling approximately 3,800 pages of bank records in discovery.  Hooper continued to receive responsive bank records through late June, 2021. Hooper has not conducted any deposition or written discovery to date because it would have been inefficient to do so without first having the results of the bank records analysis.

On July 8, 2021, Hooper filed its First Motion to Amend the Scheduling Order to Extend the Deadline for Joinder of Parties and Amendment of Pleadings by 30 Days.  Dkt. # 56.  The partially-opposed motion requested an extension of the deadline until August 9, 2021.  Chmiel filed his response to the motion on July 29, 2021 (Dkt. # 58) and Hooper filed its reply on August 3, 2021 (Dkt. # 59).  HLS did not oppose the motion.  The motion is currently pending before the Court.

## ANALYSIS

Under Rule 15, the Court should freely grant leave to amend "when justice so requires." Rule 15(a)(2), Fed. R. Civ. P.  "Refusing leave to amend is generally only justified upon a showing

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A party seeking leave to amend pleadings after the scheduling order deadline has passed must also demonstrate good cause to modify the scheduling order. *Gorsuch, Ltd. B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). A movant may satisfy the good cause requirement if the movant "learns new information through discovery" that serves as a basis for the motion to amend. *Id.* at 1240; *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Under Rule 21, a court may add a party "at any time." Rule 21, Fed. R. Civ. P. Finally, under permissive joinder, defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; and any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2), Fed. R. Civ. P.

Hooper seeks leave to amend its Counterclaims and Third-Party Complaint to add additional allegations relevant to Chmiel and HLS and to add additional third-party defendants involved in the scheme against Hooper. The additional parties and allegations arise out of the same series of transactions and occurrences as alleged in Hooper's original responsive pleading. For convenience, Hooper has filed a copy of its proposed amended pleading as well as a redlined version comparing the proposed amended pleading to Hooper's original responsive pleading. *See* Exs. 1 and 2 attached to Declaration of Thomas J. Krysa ("Krysa Decl.") filed concurrently.

Under the facts and circumstances, good cause exists and justice requires granting the instant motion. First, Hooper acted diligently and the instant motion is based on newly-discovered

evidence.  On March 4, 2021, just prior to the scheduling conference, Hooper issued its first bank subpoena to Canvas Credit Union requesting records related to HLS.  *See* Krysa Decl., ¶ 5, Ex. 3. Based on the HLS bank record production and the money-flow evidence, on March 25, 2021, Hooper then issued separate subpoenas to Canvas Credit Union and FirstBank of Colorado for accounts related to Chmiel, Loera, Henry Lozano, Enrique Lozano, Lozano's Brothers Trucking, Inc., Lozano Construction, LLC, and Lozano's Flatwork Construction, Inc.  *See* Krysa Decl., ¶ 6, Exs. 4 and 5.  Hooper continued to receive bank records related to these subpoenas until late June 2021.  *See* Krysa Decl., ¶ 7.  All told to date, Hooper has issued three subpoenas related to 10 different individuals and entities and has received records for 14 bank accounts totaling approximately 3,800 pages of bank records in discovery.  *Id.*  Hooper has retained a forensic accounting firm to analyze the bank records at issue.  *Id.*  While the bank records analysis is still ongoing, the accounting firm completed enough of its analysis by mid-to-late July 2021 for Hooper to identity the money laundering conduct and the additional participants in the HLS overbilling scheme.  *Id.*  Prior to this time, Hooper was not in a position to move for leave to amend its responsive pleading.  *Id.*

The facts underlying the additional allegations and parties contained in the amended pleading relate directly to the newly-discovered bank evidence.  Specifically, Hooper alleges that Chmiel, Loera, Henry Lozano, Enrique Lozano, Fidencio Lozano and the Lozano entities (HLS, Lozano's Flatwork Construction, Inc. and Lozano Construction, LLC) engaged in a money laundering operation to launder proceeds from the HLS overbilling scheme.  *See* Ex. 1 to Krysa Decl. at ¶¶ 30-44.

What's more, Hooper acted diligently in moving the amend the scheduling order on July 8, 2021, prior to the expiration of the deadline for joinder of parties and amendment of the pleadings. Dkt. # 56. At that time, Hooper had not yet determined to seek leave to amend its pleading but suspected that it might be required to make such a motion. The motion to amend the scheduling order is fully briefed and before the Court. This instant motion is being filed within the 30-day extension request (*i.e.*, until August 9, 2021) that Hooper requested in the motion to amend the scheduling order.

Second, the existing parties to the dispute, Chmiel and HLS, will not be unduly prejudiced by the proposed amendment. As indicated, the facts underlying the additional allegations and parties relate directly to the same series of transactions and occurrences that were alleged in Hooper's original responsive pleading. *See* Exs. 1 and 2 to Krysa Decl. There are no new claims against Chmiel or HLS. In fact, Hooper will be using the same newly discovered bank records evidence to prove its claims against Chmiel and HLS regardless of whether the amendment is permitted.

Third, the additional third-party defendants qualify for permissive joinder under Rule 20. As demonstrated by the amended pleading, Hooper is pursuing claims against the existing and new parties for the same scheme as previously alleged in the original pleading. Notably, Hooper is pursuing a civil conspiracy claim against the existing and new parties in the amended pleading related to the HLS overbilling scheme. See Ex. 1 to Krysa Decl. at ¶¶ 86-90. As indicated, the new factual allegations relate directly to the laundering of fraudulent proceeds from that scheme. Moreover, Hooper is seeking monetary relief from the existing and new parties jointly and severally to recover proceeds from the alleged scheme. Finally, because the conduct in question

7

arises out of the same scheme, transactions, and occurrences, common questions of law and fact exist between the parties. For these reasons, joinder is appropriate.

Fourth, the proposed amendment will not be futile. Each of the proposed new parties is a citizen of Colorado, and thus, the Court's diversity jurisdiction over this matter will remain intact. *See* Ex. 1 to Krysa Decl. at ¶¶ 4-9.

Finally, principles of judicial efficiency and economy support granting the instant motion. It would be inefficient and a waste of resources to litigate claims against the proposed third-party defendants in a different lawsuit. Moreover, there is a risk of inconsistent outcomes.

## **CONCLUSION**

Based on the foregoing, Hooper respectfully requests that the Court grant is motion for leave to file its First Amended Answer, Counterclaims and Third-Party Complaint.

Dated:   August 9, 2021                              RESPECTFULLY SUBMITTED,


*s/ Thomas J. Krysa*
Thomas J. Krysa
FOLEY & LARDNER LLP
600 17th Street, Suite 2020S
Denver, CO 80202
(720) 437-2010
tkrysa@foley.com
*Attorneys for Hooper Corporation*

4817-8428-4405.1

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document entitled, "HOOPER CORPORATION'S FIRST MOTION FOR LEAVE TO AMEND COUNTERCLAIMS AND THIRD-PARTY COMPLAINT" was filed via the CM/ECF system which will provide electronic notice to all parties of record.


DATED:  August 9, 2021                    <u>*s/ Thomas J. Krysa*</u>

9