IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03654-CMA-KLM

HLS TRUCKING INC., a Colorado corporation,

     Plaintiff/ Counterclaim Defendant

v.

HOOPER CORPORATION, a Wisconsin corporation,

     Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,

v.

EDWARD J. CHMIEL, an individual,

     Third-Party Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Third-Party Plaintiff Hooper Corporation's ("Hooper") **Motion to Amend Scheduling Order to Extend Deadline for Joinder of Parties and Amendment of Pleadings by Thirty (30) Days** [#56][1] (the "Motion for Extension") and on Hooper's **First Motion for Leave to Amend Counterclaims and Third-Party Complaint** [#60] (the "Motion to Amend"). Third-Party Defendant Edward J. Chmiel ("Chmiel") filed a Response [#58] in opposition to the Motion for Extension [#56], and Hooper filed a Reply [#59]. Mr. Chmiel is not opposed to the Motion to Amend [#60]

_____

[1] "[#56]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

if the Court grants the Motion for Extension [#56].  *Motion to Amend* [#60] at 3.  The Court has reviewed the Motions, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motions [#56, #60] are **GRANTED**.

## I. Background

On November 25, 2020, Hooper was sued by Plaintiff HLS Trucking Inc. ("HLS") for breach of contract and unjust enrichment in Colorado District Court for Adams County, Colorado.  *See* [#5].  On December 14, 2020, Hooper filed a Notice of Removal [#1], removing the case to the United States District Court for the District of Colorado.  In its Answer [#12] to the Complaint [#5], Hooper asserted counterclaims and third-party claims against HLS and Mr. Chmiel for civil theft, fraud, conversion, and civil conspiracy related to a scheme to defraud Hooper.  Among other things, Hooper alleges that HLS and Chmiel conspired to defraud Hooper by overbilling Hooper for hauling services provided by HLS, which was a third-party subcontractor of Hooper.  The alleged object of the scheme was to generate fraudulent proceeds to be shared by the scheme participants.  During the relevant time frame, Mr. Chmiel was the Regional Manager and head of Hooper's Commerce City offices.  Hooper terminated Mr. Chmiel's employment in June 2020 after discovering the alleged conduct Hooper describes in its counterclaims and third-party complaint.

The present Motion for Extension [#60] was filed on July 8, 2021.  There, Hooper seeks leave to amend the Scheduling Order [#41] to extend the deadline for joinder of parties and amendment of pleadings, which expired one day later, on July 9, 2021.  *See*

[#41].

## II.  Standard

As an initial matter, numerous courts have noted that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *See, e.g.*, *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citations omitted).  Scheduling Order deadlines "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  To demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 1009) (citation omitted); Minter *v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted).  *Accord Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (holding that "total inflexibility is undesirable" in the context of a motion to adopt a new scheduling order).

The decision to modify the Scheduling Order "is committed to the sound discretion of the trial court."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also* *Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. April 23, 2013).  When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving

party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169 (citations omitted). While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers*, 132 F.3d at 604 (citations omitted). However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended. *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

### III. Analysis

#### A.    Imminence of Trial

The first factor addresses whether trial is imminent. *Smith*, 834 F.2d at 169. Here, trial has not yet been set, and the Final Pretrial Conference will not be held until March 24, 2022. *See* [#44]. Thus, trial is not imminent. The Court therefore finds that the first factor weighs in favor of allowing amendment of the Scheduling Order.

#### B.    Opposition to Request

The second factor addresses whether the moving party's request is opposed. *Smith*, 834 F.2d at 169. Here, Mr. Chmiel opposes the amendment. *See generally Response*

[#58].  The Court therefore finds that the second factor weighs against allowing amendment of the Scheduling Order.

## C.    Prejudice

The third factor addresses whether the non-moving party would be prejudiced. *Smith*, 834 F.2d at 169.  Here, Mr. Chmiel has identified no specific prejudice to which he may be subjected if the Scheduling Order is amended to extend the deadline for joinder of parties and amendment of pleadings.  *See generally Response* [#58].  The Court therefore finds that the third factor weighs in favor of allowing amendment of the Scheduling Order.

## D.    Diligence

The fourth factor, which addresses whether the moving party was diligent in obtaining discovery within the guidelines established by the Court, is the only factor which the parties actually discuss.  *Smith*, 834 F.2d at 169.

Hooper states that, as of the date the Motion for Extension [#58] was filed, it had issued subpoenas for ten different bank accounts of entities and individuals in an effort to trace proceeds related to the allegedly fraudulent overbilling scheme.  The requested bank records relate to HLS, it affiliates, Mr. Chmiel, and other individuals and entities that appear to have received proceeds of the fraudulent scheme.  Hooper received the requested bank records with the latest batch of records being received in the three weeks prior to the filing of the Motion for Extension [#58].  Hooper has retained forensic accountants to analyze the bank records, but, given the number of bank accounts and transactions at issue, the bank records analysis has been complex and time consuming, Hooper states.  Hooper therefore asserts that it requires additional time to analyze the bank records so that it can properly evaluate whether it needs to amend its pleadings to add additional parties and/or claims.

Hooper states that it has acted diligently to uncover the allegedly fraudulent conduct at issue herein, and that the bank records analysis is critical to evaluating whether additional claims exist or whether additional parties should be added to this matter.

Mr. Chmiel argues that Hooper has not shown that the deadline could not have been met with diligence.  He states that, despite Hooper's insistence that it has been diligently pursuing discovery through subpoenas to third parties, Hooper has not served on the parties any discovery requests pursuant to F.R.C.P. 33, 34, or 36, and has not sought to arrange any depositions pursuant to F.R.C.P. 30.  Thus, Mr. Chmiel argues that Hooper has not shown that it has acted diligently to meet the deadline for joinder of parties and amendment of pleadings.

Hooper replies that it has sought to discover and analyze bank records first before engaging in additional discovery.  Hooper states that the bank records analysis has proven valuable and that it now has additional evidence of how the alleged overbilling scheme operated as well as the additional parties that were involved.  Hooper also states that it "seriously doubts" that Mr. Chmiel would have voluntarily explained how the scheme operated in response to discovery requests.

The Court notes that Mr. Chmiel's argument tries to compare "apples and oranges." Hooper's requested extension is based on discovery and analysis of bank records obtained from non-parties, and Mr. Chmiel does not argue that Hooper was not diligent in attempting to obtain those records and conduct its analysis.  Because Hooper's requested extension is not based on any discovery propounded on (or, as the case may be, not propounded on) the parties themselves, Mr. Chmiel's argument is without merit.

Given that Hooper obtained the various records before the deadline for joinder of

-6-

parties and amendment of pleadings passed, and given that it merely needed to complete its analysis (which, it states in its Reply [#59], is now complete), and because Hooper asked for an extension of the deadline before it passed, the Court cannot find that Hooper was not diligent.  Therefore, the Court finds that the fourth factor weighs in favor of allowing amendment of the Scheduling Order.

**E.    Foreseeability**

The fifth factor addresses the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court.  *Smith*, 834 F.2d at 169.  Because Hooper does not seek additional discovery, the Court finds that the fifth factor is neutral.

**F.    Relevant Information**

The sixth factor addresses the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169.  Here, again, Hooper is not seeking additional discovery, relevant or otherwise, and therefore, the Court finds that the sixth factor is neutral as well.

**IV.  Conclusion**

Weighing the relevant factors, the Court concludes that allowing amendment of the Scheduling Order to extend the deadline for joinder of parties and amendment of pleadings to October 21, 2021, is warranted.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Extension [#56] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that the deadline for joinder of parties and amendment of pleadings is extended to **October 21, 2021**.

IT IS FURTHER **ORDERED** that the Motion to Amend [#60] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall accept Defendant Hooper Corporation's First Amended Answer to Complaint, Affirmative Defenses, Counterclaims, and Third-Party Complaint [#61-1] for filing as of October 21, 2021.

Dated:  October 21, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge