IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03654-CNS-KAS

HLS TRUCKING INC, a Colorado corporation,

    Plaintiff/Counterclaim Defendant,

v.

HOOPER CORPORATION, a Wisconsin corporation,

    Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,

v.

EDWARD J. CHMIEL, an individual,

    Third-Party Defendant.

---

**ORDER**

---

Before the Court is Hooper Corporation's ("Hooper's") Motion for Treble Damages and Attorney Fees Pursuant to C.R.S. § 18–4–405 (ECF No. 163), and Third-Party Defendant Chmiel's Brief In Opposition to Hooper Corporation's Request for Treble Damages (ECF No. 162). After carefully considering the parties' arguments, the Court concludes that oral argument is not necessary, *see* D.C.COLO.LCivR 7.1(h), VACATES the August 29, 2023, hearing, and GRANTS Hooper's Motion.

**I. BACKGROUND**

1

The parties are familiar with the case's factual background and procedural history. The Court heard oral argument on August 1, 2023, after which the Court denied Third-Party Defendant Edward Chmiel's Partial Motion for Summary Judgment, and granted Hooper's Motion for Summary Judgment against Mr. Chmiel (ECF No. 156). The Court entered judgment against Mr. Chmiel in favor of Hooper on several claims, including, pertinent here, Hooper's claim of civil theft in the amount of $1,653,102.34 relating to the overbilling and kickback scheme, and the theft of concrete (ECF No. 157). The parties were directed to file a joint status report regarding the remaining $90,000 portion of the civil theft claim relating to the field checks and treble damages as to the civil theft claim on the whole (ECF No. 156).

In the joint status report, the parties disputed the timeliness of Hooper's claim for treble damages under Colorado's civil theft statute, and requested a briefing schedule on the issue (ECF No. 159).[1] The Court set a briefing schedule regarding Hooper's claim for treble damages under the civil theft statute (ECF No. 160). The parties have filed their briefs as set forth in the Court's scheduling order (ECF Nos. 162–165).

## II. LEGAL STANDARD

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003); Fed. R. Civ. P. 56(a). The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party.

---

[1] In the joint status report, Hooper stated that it does not intend to pursue its claims "related to the $90,000 in field checks," and moved to voluntarily dismiss its remaining claims as to the $90,000 in field checks (ECF No. 159 at 2). A dismissal is not necessary, as the Court entered judgment on Plaintiff's claims, and based on Plaintiff's abandonment of the field check loss, the Court will not amend the judgment on that basis. Therefore, the sole issue before the Court, as outlined in the joint status report, regards the timeliness of Hooper's request for treble damages under Colorado's civil theft statute (*id.* at 2).

2

*Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears the initial burden, but once met, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. And generally, where a party raises real issues of credibility, motive, or intent, the matter is unsuited for summary judgment. *Baum v. Gillman*, 648 F.2d 1292, 1295–96 (10th Cir. 1981).

### III. ANALYSIS

Having considered the parties' briefs, case file, and relevant legal authority, the Court grants Hooper's Motion.

As summarized in the joint status report, the parties dispute whether Hooper is entitled to summary judgment on its claim for treble damages (*see* ECF No. 159 at 3). The parties agree that the statute of limitations to obtain treble damages under Colorado's civil theft statute is one year (ECF No. 159 at 2). *See also Brody v. Bruner*, 2021 WL 4264055, *3 (D. Colo., Sept. 20, 2021); *Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019). Regarding the timeliness of a claim under its relevant statute of limitations, the claim accrues when a party had or should have had "knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which the action may be brought" through the exercise of reasonable diligence. *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo. App. 2007) (quotations omitted); *Winkler v. Rocky Mountain Conf. of United Methodist Church*, 923 P.2d 152, 158 (Colo. App. 1995), *as modified on denial of reh'g* (Jan. 18, 1996). Although the time when a party discovered "or should have discovered" facts essential to a claim is "normally a question of fact," courts may determine timeliness issues as a

matter of law when undisputed facts clearly resolve the issue. *Winkler*, 923 P.2d 152, 158–59 (Colo. App. 1995).

The Court agrees with Hooper that Hooper's claim for treble damages was timely filed, and therefore that Hooper is entitled to summary judgment on its request for treble damages on its claim for civil theft (*see, e.g.,* ECF No. 163 at 3). In support of its Motion, Hooper cites the declaration of Steve Lindley, Hooper's President, whose statements Mr. Chmiel does not dispute in his Response to Hooper's Motion for Treble Damages and Attorney Fees, and which detail the exact circumstances under which Hooper discovered Mr. Chmiel's civil theft (ECF No. 164). Across his briefs, Mr. Chmiel advances several arguments in support of the contrary proposition that Hooper is not entitled to summary judgment on its request for treble damages (*see generally* ECF No. 162; ECF No. 164). The Court considers and rejects these arguments in turn.

First, Mr. Chmiel argues that a genuine dispute of fact exists as to whether Hooper should have discovered, "through the exercise of reasonable diligence," its claims against Mr. Chmiel as early as 2018 "and no later than May 16, 2019" (ECF No. 162 at 3; *see also* ECF No. 164 at 3). According to Mr. Chmiel, the summary judgment record demonstrates that questions regarding the relevant invoices and excessive charges were raised during this period, that Xcel employees "frequently raised questions" about excessive HLS hauling charges, and that—for these reasons— a reasonable factfinder could conclude Hooper should have known of its claims as early as 2018 (ECF No. 162 at 3.)

However, the evidence Mr. Chmiel identifies offers little support for this argument. To be sure, it is undisputed that, as a factual matter, Messrs. Baumgartner, Ploof, and Helfrich identified and questioned apparently inflated HLS hauling charges, which Mr. Chmiel approved, as well as that Xcel employees raised questions about excessive HLS charges (ECF No. 151 at 4; 149 at 9).

4

But Mr. Chmiel, in his summary judgment briefing, also did not dispute that when Xcel employees raised these issues, Mr. Chmiel sometimes "would reduce or eliminate the charges or provide refunds to Xcel" (ECF No. 149 at 10). And Mr. Baumgartner stated in his declaration that, when he noticed the overbilling, Mr. Chmiel "would change the invoices back without informing [him]" (ECF No. 149-3 at 4). The Court agrees with Hooper that this evidence does not create a dispute of material fact that Hooper's corporate office knew or should have known of Hooper or Xcel employees' concerns regarding the Xcel overcharges, especially where Steve Lindley, Hooper's President, affirmed that HLS invoices were sent to Hooper's corporate office *after* Mr. Chmiel approved them, and that Hooper's corporate executives had no knowledge of Mr. Chmiel's schemes (ECF No. 149-1 at 3; ECF No. 165 at 2; ECF No. 163 at 5).

Mr. Chmiel's other argument that the statements of other Hooper employees also provide support for a reasonable fact finder to conclude that" Hooper should have discovered its claim as early as 2018 fares no better (ECF No. 162 at 4; ECF No. 164 at 4). For instance, Mr. Chmiel contends that Mr. Helfrich noticed that during 2019 and 2020 invoices "did not make sense to him," that Mr. Ploof raised similar concerns, and that Xcel "complained in writing" regarding the overbilling (ECF No. 162 at 4). Certainly, Messrs. Helfrich and Ploof stated in their declarations that they harbored concerns regarding Mr. Chmiel's manipulation of billing timesheets (ECF No. 149-4 at 3; ECF No. 149-5 at 3). But, consistent with Mr. Baumgartner's statements, Mr. Helfrich stated that Mr. Chmiel "often simply changed the timesheets back to include excess charges," and Mr. Ploof stated that Mr. Chmiel was the "final approver for timesheets . . . that included HLS hauling costs" (*id.*). At bottom, even construing the factual record and inferences therefrom in the light most favorable to Mr. Chmiel, there is nothing in the evidence that Mr. Chmiel marshals—given especially the undisputed statements in Mr. Lindley's declaration—indicating that Hooper's

5

corporate office knew or should have known of its claim (ECF No. 165 at 2). *Cf. Wagner*, 166 P.3d at 307; *Self*, 439 F.3d at 1230.

Third, Mr. Chmiel argues that Hooper is not entitled to summary judgment because it was on notice that he was using field checks for unauthorized purposes, beginning in June 2015 (ECF No. 162 at 4; ECF No. 164 at 4). According to Mr. Chmiel, the field checks "had to have been approved by someone at Hooper" besides him, such as Hooper's accounting department (ECF No. 162 at 4). In support of this argument, Mr. Chmiel identifies Mr. Lindley's deposition testimony, in which Mr. Lindley stated that the field checks must be approved by someone other than Mr. Chmiel, such as the accounting department (*id.*; *see also* ECF No. 151-5 at 10–11). But, as Hooper argues, any "unauthorized activity" regarding the field checks and Hooper funds does not relate to the conduct giving rise to Hooper's request for treble damages and the civil theft claim: Mr. Chmiel's overbilling and kickback scheme and his theft of concrete (ECF No. 165 at 2; ECF No. 163 at 3).[2] *See Anderson*, 477 U.S. at 248 (discussing "materiality" element in summary judgment analysis and stating that "[f]actual disputes that are irrelevant or unnecessary will not be counted" in analysis); *Salazar v. Am. Sterilizer Co.*, 5 P.3d 357, 363 (Colo. App. 2000), *as modified on denial of reh'g* (June 8, 2000) (determining that for accrual purposes "suspicion of a *possible connection* does not necessarily put a reasonable person on notice of the nature, extent, and cause of an injury" (emphasis added)).

Moreover, as noted above, Mr. Lindley stated that Hooper had no knowledge of the overbilling and kickback scheme or the concrete issue until or about May 2020 when it received a tip regarding them, and then began its investigations which then led to Hooper's discovery of "a

---

[2] Notably, Mr. Lindley stated that field checks were "pre-signed" by Hooper corporate executives, and were "generally used for paying out earnings to union employees per union rules" (ECF No. 149-1 at 5).

potential overbilling scheme related to HLS," and ultimately bank records revealed the HLS overbilling and kickback scheme (ECF No. 149-1 at 4; *see also* ECF No. 163 at 4).

\* \* \*

For the reasons set forth above, the record evidence does not create a genuine issue of material fact that Hooper should have known of Mr. Chmiel's civil theft by or before December 20, 2019 (ECF No. 165 at 2). *See also Anderson*, 477 U.S. at 256. Accordingly, Hooper is entitled to summary judgment on its claim for treble damages, and an amended judgment will issue reflecting such award. *See Ledbetter*, 318 F.3d at 1187; Fed. R. Civ. P. 56(a).

### IV. CONCLUSION

Consistent with the above analysis, Hooper Corporation's Motion for Treble Damages and Attorney Fees Pursuant to C.R.S. § 18–4–405 (ECF No. 163) is GRANTED. The August 29, 2023, hearing is VACATED. Hooper shall file its motion for attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2).

DATED this 25th day of August 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge